**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 CR 747 |
| | ) | Judge Joan H. Lefkow |
| JERRY ZAMBRANO, *et al.*, | ) | |
| (ANTONIO EVANS) | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT EVANS' RESPONSE TO THE
GOVERNMENT'S CONSOLIDATED MOTIONS
*IN LIMINE* AND REQUEST FOR A *DAUBERT* HEARING**

Defendant, **ANTONIO EVANS**, by and through his attorneys, **PATRICK W. BLEGEN** and **DANIEL A. RUFO**, respectfully submits the following responses to the government's consolidated motions *in limine* (Docket No. 97) and requests a *Daubert* hearing regarding the admissibility of historical cell site data and cell tower range estimates.

**I.     Admissibility of Cell Site Evidence and Analysis**

The government's motion *in limine* states that it intends to introduce historical cell site records reflecting the location of cell towers and antennas used during certain cellular phone calls. The government also intends to call FBI Special Agent Joseph Raschke as an expert witness to testify regarding exhibits he prepared based on the historical cell site records. *Id*. Specifically, the government expects Agent Raschke's exhibits to reflect: (1) the location of the cell towers used by certain individuals involved in this case; (2) a comparison of the locations of certain cell towers to other locations the government believes are relevant to this case; and (3) estimated ranges of certain cell towers utilized by phones connected to certain individuals involved in this case. *Id*.

The defense objects to the admission of records related to historical cell site information and to Agent Raschke's testimony. Defendant submits that the government has provided insufficient detail of its expert testimony under Federal Rule of Criminal Procedure 16(a)(1)(G). And, the government has not established that its proposed expert testimony meets the strictures of Federal Rule of Evidence 702 or *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589 (1993). As such, Defendant requests a *Daubert* hearing prior to the admission of testimony related to cell site information and estimated ranges.

The government has provided the defense with an expert disclosure letter detailing Agent Raschke's testimony.[1] The letter states that Agent Raschke will identify the location of cell towers used by certain individuals in this case, and their relation to other locations the government believes are relevant. Agent Raschke will also testify "based on his training and experience, about why a cellular phone may use one or more towers during the duration of a particular call, including because of things like the proximity of the tower and the level of use of towers in the area." *Id*. Furthermore, Agent Raschke will provide testimony "that he estimated the ranges around the cell towers based on his training and experience performing cell site historical analysis." (Exhibit A, p. 2). The letter states that Agent Raschke's estimated ranges "are based on the proximity of the towers to other towers in the area, and the estimated network range for each tower." *Id*. No other detail regarding the relevance of the location of the cell towers or of the methodology or reasoning for the estimated cell tower range is provided.

Federal Rule of Criminal Procedure 16(a)(1)(G) requires the government to provide a summary of any expert testimony it intends to use and must describe the witness's opinions, the

---

[1] The government's disclosure letter is attached hereto as Exhibit A.

2

bases and reasons for those opinions, and the witness's qualifications. While the government has given a list of subjects about which Agent Raschke will testify, it has not met the requirements of Rule 16. First, the government has not provided the defense with certain of Agent Raschke's opinions, for instance, why a particular phone may use one or more towers during a particular call.[2] The letter merely states that Agent Raschke will testify about the topic, but omits any expert opinion. Second, and more critically, the government has provided no bases or reasons for Agent Raschke's expert testimony regarding the estimated ranges of cell towers. The government has merely stated that Agent Raschke is capable of estimating ranges, and described that ranges are based on certain factors. No reasoning is found anywhere in the government's letter. The defense submits, therefore, that the letter cannot be considered a proper expert disclosure as it lacks the required information under Rule 16.

The government's motion *in limine* regarding Agent Raschke's testimony is similarly lacking in detail. This lack of detail in the government's disclosure and motion runs afoul of Federal Rule of Evidence 702 and the Supreme Court's pronouncements in *Daubert*. Federal Rule of Evidence 702 provides that an expert "may testify in the form of an opinion or otherwise" if: (1) the expert's knowledge will aid the trier of fact; (2) if the testimony is based on sufficient facts or data; (3) if the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. The government has not established that Agent Raschke's testimony meets these requirements. As noted above, the government has not so much as provided the methodology for Agent Raschke's

---

[2] The government's tendered discovery includes charts created by Agent Raschke illustrating the estimated ranges of certain cell towers. The defense assumes that these charts constitute Agent Raschke's opinion on the estimated range of the towers. No methodology is provided, however, as to how these estimates were reached.

opinions, let alone whether such methodology has been reliably applied to the facts of this case. Without such information, this Court cannot determine that Agent Raschke's testimony is admissible and the government's motion *in limine* should be denied.

Furthermore, the government's proposed testimony does not meet the requirements of *Daubert*. In *Daubert*, the Supreme Court held that district courts are the gatekeepers to the admissibility of scientific evidence under Rule 702. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). The Court required that such scientific evidence be both relevant and reliable. *Id*. This gatekeeping responsibility, as well as the relevance and reliability requirements, were subsequently extended to all expert testimony in *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).

Beginning first with the testimony regarding the locations of cell towers and their relation to purportedly relevant locations, it appears that the government has made the assumption that a cell phone call must necessarily utilize the nearest tower and that the individual making the call must therefore be within a certain geographic range. But the government has provided no basis or methodology for this theory. Without providing any support, the location of cell phone towers, especially in comparison to purported relevant locations, is irrelevant. The government cannot simply admit evidence regarding the cell phone tower used during a certain call and leave the jury with the inference that the tower used is the tower nearest to the phone. Rather, the government must demonstrate that this is, in fact, how cell phones work. Nothing in its disclosure letter or motion *in limine* provides any detail regarding how the evidence is relevant or reliable. Rather, the evidence is highly prejudicial because the jury will intuitively assume that the nearest tower is the tower used by a cell phone.

4

The government has also provided no methodology for Agent Raschke's estimate ranges of cell towers. In *Daubert*, the Supreme Court laid out non-exhaustive general criteria for assessing the reliability and validity of an expert's testimony including whether the expert's methodology in question can or has been tested, whether it has been subjected to peer review and publication, the methodology's known or potential error rate and the existence and maintenance of standards controlling its operation, and whether the methodology has attracted widespread acceptance within a relevant scientific community. *Daubert*, 509 U.S. at 593-4. By not detailing any methodology that Agent Raschke will employ, this Court can make no finding as to whether the methodology is reliable.

The government has only stated that Agent Raschke can estimate cell tower ranges based on his experience and training. For the above reasons, such an assertion is insufficient. This Court should deny the government's motion *in limine* seeking pre-trial determination as to the admissibility of Agent Raschke's testimony and his exhibits.

In light of the above, the Defense requests that Agent Raschke's historical cell site data be precluded from admission and that Agent Raschke be prohibited from testifying. Alternatively, the defense requests a *Daubert* hearing on the issue of the admissibility of historical cell site data and estimated ranges, as the testimony is neither reliable nor relevant.[3]

---

[3] Since receiving the government's expert disclosure, counsel's research has not uncovered a circuit court case in which the admission of historical cell site data, along with the government's theory that cell phone calls always utilize the nearest cell tower, was held to meet *Daubert* standards. Furthermore, the defense has found no circuit court case stating that estimating cell tower ranges meets *Daubert* standards. Counsel have uncovered district court cases, including *United States v. Benford*, 2010 WL 2346305 (N.D. Ind. June 8, 2010), in which similar evidence was held admissible. But, *Benford* appears to utilize a different methodology than the government has here.
  Counsel have researched these issues and have also been in contact with an expert in the field of historical cell site data and have learned that the government's theories are unsupportable. Counsel have learned that cell phones do not necessarily utilize the nearest cell tower and that the actual determination of which cell tower is used is complex and hinges on a multitude of factors. Furthermore, counsel have learned that the government's charted

**II.     Motion to Bar Evidence or Argument Related to Penalties Faced by Defendants**

The defense does not intend to make any argument regarding the potential penalties faced by Defendant. However, as the government has noted, it is proper for the defense to elicit evidence of penalties faced by any cooperating government witnesses.

**III.    Right of Minor A and his Father Not to Be Excluded From Trial**

At this time, the defense has no objection to the presence of Minor A and his father during the trial. However, the defense submits that a blanket pre-trial ruling permitting those individuals to attend any part of the trial they wish is premature. The defense would request that the Court permit the defense to object or seek to exclude Minor A or his father should an issue regarding their presence arise; *i.e.*, should a risk arise that either Minor A or his father's testimony would be materially altered if the individuals heard each other's testimony at the trial. 18 U.S.C. §3771(a)(3).

**IV.    Allegations of Witness Wrongdoing Not Involving Dishonesty**

The government requests that the Court preclude the defense from introducing at trial any improper impeachment or evidence, including evidence of prior arrests or evidence of other "bad acts" not probative of truthfulness. The defense does not intend to engage in any improper questioning or elicit improper evidence. Moreover, the defense does not intend to use any witness's arrest history or other "bad acts" in an improper manner under Rule 608(b).

However, the defense does intend to question Jerry Zambrano, the government's cooperating witness and co-defendant, about the fact that he is a drug dealer. Such evidence is relevant and probative for several reasons unrelated to Rule 608(b), including Zambrano's bias

---

cell tower ranges, purportedly setting geographic boundaries for the utilization of cell site towers are unsupported by fact and do not rest on sound methodology.

against Evans and his motive to testify. While the defense does not wish to fully divulge the details of its defense to the charges, it should suffice to say that evidence of drug dealing between Zambrano and Defendant Evans is relevant to show why the two individuals were in communication with one another aside from their alleged participation in a kidnapping. Furthermore, Zambrano has claimed in statements to the FBI that Evans stole a large quantity of marijuana from him. The fact that Zambrano possessed a large quantity of marijuana will reveal to the jury that Zambrano was a drug dealer. But more importantly, evidence of such an incident is relevant to demonstrate Zambrano's bias as a witness and his motivation to implicate Evans in a kidnapping. As the Seventh Circuit has long said, "[b]ias is always relevant, and parties should be granted reasonable latitude in cross-examining target witnesses." *United States v. Manske*, 186 F.3d 770, 777 (7th Cir. 1999) *quoting United States v. Frankenthal,* 582 F.2d 1102, 1106 (7th Cir. 1978).

Zambrano's drug dealing is also admissible as "reverse" 404(b) evidence. While Rule 404(b) is generally used to show a defendant's prior bad acts for proof of something other than a defendant's propensity to commit a crime, a defendant can seek to admit evidence of a witness's crime if it tends to negate the defendant's guilt. *United States v. Seals*, 419 F.3d 600, 606 (7th Cir. 2005) *citing United States v. Della Rose*, 403 F.3d 891, 901 (7th Cir. 2005). Furthermore, "reverse" 404(b) evidence is held to a lower standard than normal 404(b) evidence because there is no risk of prejudice to a defendant. *Id*. *citing United States v. Stevens* 935 F.2d 1380, 1404 (3rd Cir. 1991). Under 404(b), evidence of Zambrano's drug dealing is admissible to show his motive to testify, his knowledge of Defendant, and the reason for communications between Zambrano and Evans. The defense submits, therefore, that it should be permitted to explore the

drug dealing history of Zambrano. Such evidence is relevant and is not barred by Rule 608(b), 404(b) or any other Rule of Evidence.[4]

                Respectfully submitted,

                **s/ Patrick W. Blegen**
                **PATRICK W. BLEGEN**, One of the
                Attorneys for Defendant, Antonio Evans.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

---

[4] The defense does not intend to argue that Zambrano is not to be believed simply because he is a drug dealer. Such an argument would be counter-productive as the evidence of Zambrano's drug dealing will also reveal that Evans was involved with drugs.

8

**CERTIFICATE OF SERVICE**

   I hereby certify that foregoing was served on August 3, 2012, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                   **s/ Patrick W. Blegen**
                   **BLEGEN & GARVEY**
                   53 West Jackson Boulevard, Suite 1437
                   Chicago, Illinois 60604
                   (312) 957-0100