**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 CR 747 |
| | ) | Judge Joan H. Lefkow |
| JERRY ZAMBRANO, *et al.*, | ) | |
| (ANTONIO EVANS) | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT EVANS' MOTION FOR DISCLOSURE
UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 16**

Defendant, **ANTONIO EVANS,** by and through his attorneys, **PATRICK W. BLEGEN**

and **DANIEL A. RUFO,** pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the

Due Process Clause of the Fifth Amendment to the Constitution of the United States, as well as

this Court's inherent supervisory powers, respectfully moves this Court for an order requiring the

government to disclose to the defense the following: 1) the names of any and all network

engineers with whom government expert witness Agent Joseph Raschke is or has been in regular

contact regarding cell site analysis; and 2) any and all documentation regarding the successes or

failure of Agent Raschke's method of "granulization" using cell site data in previous cases, or

any other cases in which agents have used the same method.[1]

In support of this motion, Defendant, through counsel, shows to the Court the following:

1.      On August 17, 2011, Antonio Evans was charged, along with two co-defendants,

in a two-count indictment with: conspiracy to kidnap in violation of 18 U.S.C. §1201(c) (Count

---

[1]As discussed herein, the defense has requested this information from the government by way of letter.  The defense letter and government response are attached hereto as Exhibits A and B.

One) and kidnapping in violation of 18 U.S.C. §1201(a)(1) (Count Two). The kidnapping

allegedly occurred from April 23, 2010, to April 24, 2010.

  2.  On July 25, 2012, the government provided the defense with an expert disclosure

letter proving certain details regarding the proposed expert testimony of FBI Special Agent

Joseph Raschke. Specifically the government stated that Agent Raschke would testify regarding

a number of charts he was in the process of preparing that utilized data obtained from cell site

records regarding a phone allegedly possessed by Evans. Agent Raschke's charts consisted of

the location of certain locations purportedly relevant to this case in comparison to cell phone

towers used by certain cellular telephones. The charts also contained estimated network

coverages for each tower.

  3.  On August 3, 2012, the defense objected the testimony of Agent Raschke on the

grounds that the government provided insufficient detail under Federal Rule of Criminal

Procedure 16(a)(1)(G) in its expert disclosure letter, and that the government's proposed

testimony did not meet the strictures of Federal Rule of Evidence 702 or *Daubert v. Merrell Dow*

*Pharms., Inc.*, 509 U.S. 579, 589 (1993). This Court ultimately ordered a *Daubert* hearing

regarding Agent Raschke's testimony.

  4.  On August 21, 2012, the Court held a *Daubert* hearing and heard testimony from

Agent Raschke and from defense expert Manfred Schenk. Agent Raschke testified regarding the

functioning of cell phone networks and how cell phones connect to a cell phone network via cell

towers.[2] Agent Raschke testified that he spends a significant portion of his time engaged in cell

---

[2]Counsel have ordered, but not yet received, a transcript of the hearing and subsequent argument. Therefore, this motion is prepared based on counsel's notes and memory.

site analysis; *i.e.*, analyzing a cell phone's call detail records to determine which cell phone towers were used to initiate and end calls. Agent Raschke also testified that, based on his training and experience, he is able to estimate the range of a cell phone tower using, among other factors, the tower's proximity to other towers. From these ranges, and the ranges of other towers in the area, Agent Raschke utilizes a method known as "granulization" in which the possible location in which a cell phone can be is narrowed down to a small geographic area. Agent Raschke testified that much of his information regarding cell phones and cell site analysis comes from conversations with cell provider network engineers with whom he is in regular contact. Agent Raschke testified that these engineers informed not only his knowledge of the workings of cell phone networks, but also informed him that his proposed method of "granulization" was a proper use of the call detail records on which his testimony and charts were based. Agent Raschke also testified that he had never personally seen this method fail as a method of location, nor had he heard from any other FBI or other law enforcement personnel that the method has failed. He had, however, had many successes with this method and was aware of other agents having successes.

5.     On cross-examination, undersigned counsel asked for the names of the network engineers with whom Agent Raschke is in regular communication regarding cell site analysis. Agent Raschke, however, was unable to provide even the first name of any network engineer to whom he speaks. Moreover, Agent Raschke stated that he would be unable to provide counsel with the name of any network engineer even if provided an opportunity to go to his office and attempt to do so following the hearing. Agent Raschke was also questioned regarding his testimony that his method had never failed, but was unable to provide specific examples.

3

6.      On August 23, 2012, the Court heard argument regarding the *Daubert* hearing. Counsel argued that Agent Raschke's proposed testimony should be precluded under *Daubert* for several reasons, including that Agent Raschke was unable to provide any support for his testimony that the method had never failed and was unable to provide the names of any network engineers with whom he speaks. The government stated in response that the defense had never asked for the names of the network engineers and repeated Agent Raschke's assertion that this method has worked in the past.

7.      On August 23, 2012, taking the government up on its apparent invitation, the defense sent a letter to the government requesting the names of any and all engineers with whom Agent Raschke is or has been in regular contact regarding cell site analysis. The defense indicated that it was specifically, though not exclusively, interested in the specific individual or individuals that informed his opinion that his method of "granulization" was an appropriate method from a network engineering standpoint. The defense also indicated that it was interested in who it was that informed Agent Raschke regarding a particular aspect of his testimony, specifically the timing of a cell phone's communication with the Mobile Switching Center and which information is recorded in Call Detail Records.[3] The defense letter also requested any and all documentation regarding the success of failure of Agent Raschke's method in previous cases, on in cases in which other agents have used the same method. The defense noted that the materials were discoverable under both Federal Rule of Criminal Procedure 16(a)(1)(G) and 16(a)(1)(E)(I), and that the information may consist of impeachment material under *Giglio v. United States*, 405 U.S. 150 (1972).

---

[3]This aspect of a cell phone's connection to a tower was a point of contention between Agent Raschke and defense expert Manfred Schenk.

4

8.      On August 24, 2012, the government responded and indicated that it was

unwilling to provide the names of network engineers and requested authority to support the

defense position that the material is discoverable in this context.  The government also indicated

that it was unclear what the defense meant by "success or failure" of this method in previous

cases involving Agent Raschke or cases involving other agents.

9.      As noted above, the defense letter cited to two provisions of the Federal Rules of

Criminal Procedure to support its position that the information regarding the identify of the

network engineers upon whom Agent Raschke relied must be disclosed.  Rule 16(a)(1)(G)

requires the government to disclose, among other things "the bases and reasons" for an expert's

opinion.  The committee notes regarding the 1993 Amendments to Federal Rule of Procedure 16

states the following with regarding to the disclosure of the bases for an expert's testimony:

> "[w]ithout regard to whether a party would be entitled to the underlying bases for
> expert testimony under other provisions of Rule 16, the amendment requires a
> summary of the bases relied upon by the expert. That should cover not only written
> and oral reports, tests, reports, and investigations, but any information that might be
> recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703,
> *including opinions of other experts*."

Notes of Advisory Committee on Rules - 1993 Amendment, Federal Rule of Criminal
Procedure 16 (emphasis added).

10.      This committee note makes clear that Rule 16 requires a broad disclosure which

includes the information requested by the defense.  Agent Raschke's opinion regarding the

functioning of cell phone networks and the propriety of his granulization method is, from his

own testimony, based on conversations with network engineers from cell phone providers.  The

opinions of these experts, including their identity, must therefore be disclosed.

11.      Likewise, the committee note makes clear that Rule 16(a)(1)(G) covers any

5

written and oral reports and any investigations that form the basis for Agent Raschke's testimony. If permitted to testify at trial, Agent Raschke will presumably seek to testify that his method is reliable and that he has not seen this method fail in the past. He will also seek to testify that, through conversations with other agents, he has heard of other successes with this method and has never heard of this method failing. Under Rule 16(a)(1)(G), any report in the government's possession regarding the use of this method in the past should be disclosed the defense, as should the content of his conversations with other agents regarding the method. At the very least, these reports or investigations should be summarized by the government.

12.     Furthermore, Federal Rule of Criminal Procedure 16(a)(1)(E)(I) makes clear that the government must permit the defense to inspect and to copy or photography any "books, papers, documents, data, photographs, tangible objects" if they are within the government's possession, custody, or control and they are material to preparing the defense. The breadth of this rule, and the need for the defense to attack Agent Raschke's testimony, provide an alternative basis for the disclosure of the information.[4]

---

[4]It is also possible that this information will provide impeachment material for Agent Raschke's testimony and is thus required to be disclosed under *Giglio*.

WHEREFORE, based on the foregoing, Defendant respectfully requests that this Court order the production of: 1) the names of any and all network engineers with whom government expert witness Agent Joseph Raschke is or has been in regular contact regarding cell site analysis; and 2) any and all documentation regarding the successes or failure of Agent Raschke's method of "granulization" using cell site data in previous cases, or any other cases in which agents have used the same method.

Respectfully submitted,

 **s/Patrick W. Blegen**
**PATRICK W. BLEGEN**, Attorney for
Defendant, Antonio Evans.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on August 27, 2012, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

**s/ Patrick W. Blegen**
**PATRICK W. BLEGEN**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100